GEORGE W. WELCH *vs.* GEORGE R. WESSON.

One of two persons engaged in trotting their horses against each other may maintain an action against the other for wilfully running him down, although they were trotting for money contrary to law.

ACTION OF TORT for running down the plaintiff while driving on the highway, and breaking his sleigh. Trial in the court of common pleas, before *Mellen*, C. J., who signed a bill of exceptions, the substance of which is stated in the opinion.

*G. F. Verry*, for the plaintiff.

*C. E. Pratt*, for the defendant.

MERRICK, J. It appears from the bill of exceptions to have been fully proved upon the trial that the defendant wilfully ran down the plaintiff and broke his sleigh, as is alleged in the declaration. No justification or legal excuse of this act was asserted or attempted to be shown by the defendant; but he was permitted, against the plaintiff's objection, to introduce evidence tending to prove that it was done while the parties were trotting horses in competition with each other for a purse of money, the ownership of which was to be determined by the issue of the race. And it was ruled by the presiding judge, that if this fact was established, no action could be maintained by the plaintiff to recover compensation for the damages he had sustained, even though the injury complained of was wilfully inflicted. Under such instructions, the jury returned a verdict for the defendant.

We presume it may be assumed as an undisputed principle of law, that no action will lie to recover a demand, or a supposed claim for damages, if, to establish it, the plaintiff requires aid from an illegal transaction, or is under the necessity of showing, and depending in any degree upon an illegal agreement, to which he himself had been a party. *Gregg* v. *Wyman*, 4 Cush. 322. *Woodman* v. *Hubbard*, 5 Foster, 67. *Phalen* v. *Clark*, 19 Conn. 421. *Simpson* v. *Bloss*, 7 Taunt. 246. But this principle will not sustain the ruling of the court, which went far beyond it, and laid down a much broader and more comprehensive doctrine. Taken without qualification, and just as they were given

to the jury, the instructions import that, if two persons are engaged in the same unlawful enterprise, each of them, during the continuance of such engagement, is irresponsible for wilful injuries done to the property of the other. No such proposition as this can be true. He who violates the law must suffer its penalties; but yet in all other respects he is under its protection, and entitled to the benefit of its remedies.

But in this case the plaintiff had no occasion to show, in order to maintain his action, that he was engaged, at the time his property was injured, in any unlawful pursuit, or that he had previously made any illegal contract. It is true that, when he suffered the injury, he was acting in violation of the law; for all horse trotting upon wagers for money is expressly declared by statute to be a misdemeanor punishable by fine and imprisonment. *St.* 1846, *c.* 200. But neither the contract nor the race ad, as far as appears from the facts reported in the bill of exceptions, or from the intimations of the court in its ruling, any thing to do with the trespass committed upon the property of the plaintiff. That he had no occasion to show into what stipulations the parties had entered, or what were the rules or regulations by which they were to be governed in the race, or whether they were in fact engaged in any such business at all, is apparent from the course of the proceedings at the trial. The plaintiff introduced evidence tending to prove the wrongful acts complained of in the writ, and the damage done to his property, and there rested his case. If nothing more had been shown, he would clearly have been entitled to recover. He had not attempted to derive assistance either from an illegal contract or an illegal transaction. It was the defendant, and not the plaintiff, who had occasion to invoke assistance from proof of the illegal agreement and conduct in which both parties had equally participated. From such sources neither of the parties should have been permitted to derive a benefit. The plaintiff sought nothing of this kind, and the mutual misconduct of the parties in one particular cannot exempt the defendant from his obligation to respond for the injurious consequences of his own illegal misbehavior in another. *Exceptions sustained.*